**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Samuel PASION, Defendant— Appellant.**

**No. 05–10075.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Louis A. Bracco, AUSA, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Georgia K. McMillen, Esq., Wailuku, HI, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Samuel Pasion appeals from the sentence imposed following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of unlawful possession of a firearm as a drug user in violation of 18 U.S.C. §§ 922(g)(3) and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Pasion contends that his counsel was ineffective for failing to object to a sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm in connection with a drug offense. The record is insufficiently developed in this case to permit us to review this claim on direct appeal. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (stating that claims of ineffective assistance of counsel are generally inappropriate on direct appeal and should be raised in habeas corpus proceedings to permit development of record). We therefore decline to address the claim and affirm the sentence.

**AFFIRMED**

**AFFIRMED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.